**CAMDEN FIRE INS. ASS'N v. CLAY LUMBER CO.**

**No. 1414.**

Court of Civil Appeals of Texas. Eastland.

March 22, 1935.

Rehearing Denied April 19, 1935.

Clay Lumber Company sued Camden Fire Insurance Association to recover upon a fire insurance policy issued December 4, 1931, naming as the insured "L. Rimer, E. H. Crowder, and Dewey Terrell," and containing a loss payable provision in favor of Clay Lumber Company, mortgagee (or trustee), as its interest should appear. On December 3, 1931, the day before the policy was issued, Clay Lumber Company had, by purchase at a foreclosure sale, become the sole owner of the property, which was a skating rink in Hamlin, Tex. The policy provided, among other things, that it should be void "if the interest of the insured in the property be other than unconditional and sole ownership." It also

required proof of loss to be made within 91 days after the fire.

Plaintiff alleged in one count of its petition that "by a mistake of the defendant the owner was erroneously named therein as L. Rimer, E. H. Crowder and Dewey Terrell as the insured and the owner, and not Clay Lumber Company as they were requested." Under this count judgment was sought upon the theory, apparently, that a request for the insurance and a mistake of the insurance company in naming the owner of the property—i. e., the party to be insured under the terms of the policy—would authorize recovery without the necessity of a reformation of the contract.

By the second count it was not attempted to state a cause of action independently of the allegations in the first count, but only in connection with and in addition thereto. Under the theory of recovery shown by the combined allegations in both counts, it was recognized that reformation was necessary, and the grounds therefor were extended to include in addition to mistake of the defendant, mutual mistake, fraud, negligence, and carelessness.

The court, upon due and timely request, refused to instruct a verdict in favor of appellant, and submitted the case to the jury upon special issues. The issues having been found in favor of the plaintiff, judgment was rendered and entered accordingly, from which the defendant has appealed.

■ The first count in appellee's petition standing alone was not sufficient to state any cause of action. A mistake on the part of the insurance company alone regarding the ownership of the property would not vary the rights of the parties from those fixed by the policy as written. Neither could there be any recovery upon the policy contrary to its provisions, except upon proof of facts warranting a reformation of the policy.

■ The second count in connection with the allegations in the first count alleged facts to show a right of reformation, and for recovery upon the policy as, according to appellant's contention, it should have been written. The showing of a right of reformation was essential to appellee's right of recovery. One fact necessary to be proved in order to show a right to reformation was that appellant, when it issued the policy, knew, or was chargeable with the knowledge, that the property insured was not owned by Rimer, Crowder, and Terrell, but was owned by Clay Lumber Company. There was no evidence showing any duty of appellant to know who

was the real owner of the property. There was, therefore, no basis of liability on the theory of negligence or carelessness in not knowing.

We have carefully read the statement of facts to ascertain if there was any evidence showing that appellant knew when it issued the policy that the ownership of the property was not as stated therein. It is our conclusion that such evidence was wholly wanting. There could be no contention that appellant had such knowledge, except as it may have been charged with the knowledge of L. K. Kinsey. There is a question whether Kinsey was agent of appellant, but this we find unnecessary to decide. If he was an agent, there was no evidence that he knew that Rimer, Crowder, and Terrell were not the owners of the property. The fact that appellee requested him to insure the property was no such evidence. That request was naturally and reasonably referable to appellee's previous interest in the property as mortgagee. Kinsey had written insurance at the request of appellee on the same property before with the ownership as well as the interest of appellee stated as in this policy. There was no evidence that he was advised that appellee's interest had been changed from that of a lien holder to that of owner. That change having occurred only the day before the policy was issued, there was no presumption of such knowledge.

■ Appellant, in the absence of any knowledge that the property was not owned by Rimer, Crowder, and Terrell, was not shown to have made any mistake in naming the latter as owner, and the "insured." In other words, in writing the policy it was appellant's intention to name Rimer, Crowder, and Terrell as owner, and Clay Lumber Company as mortgagee (or trustee) just as was done. If there was any mistake involved in the transaction, it was the mistaken belief on the part of appellant that Rimer, Crowder, and Terrell were the owners of the property. That mistake was not mutual to appellee and appellant. Appellee knew that it was the owner of the property and not Rimer, Crowder, and Terrell. It knew that it was no longer a mortgagee thereof. The suit is not one for breach of a contract to insure. The suit is to recover upon the policy based upon the theory of appellee being the insured and owner of the property, and not a mere mortgagee as stated in the policy. In order to justify reformation it was necessary that mutual mistake be shown. St. Paul Fire & Marine Ins. Co. v. Culwell (Tex. Com. App.) 62 S.W. (2d) 100. The absence of any evidence what-

ever that appellant knew the true ownership of the property to be other than as stated in the policy was also a want of any evidence to show mutual mistake. The court, therefore, erred, we think, in refusing, as requested, to instruct a verdict in favor of the appellant.

Appellee argues that the fact that it was owner of the property, instead of a mortgagee whose interest was insured according as its interest appeared, constituted no material breach of the covenant of sole and unconditional ownership. It is a sufficient answer to this contention, we think, to point out that the owner of the property had the right of possession while a mortgagee had not. It is easily conceivable that an insurance company in determining whether it would assume a particular risk would be willing to insure one person as owner of property with loss payable provision to another as a mortgagee, when it would not be willing to insure the mortgagee as the owner. The owner of the property is naturally chargeable with the duty and responsibility of its preservation against fire and other hazards. No such duty or responsibility rests upon the mere mortgagee of property. So far as we can see, every reason that justifies such a covenant in a policy has application as between the owner of property and a mere holder of a lien thereon.

Being of the opinion that the judgment of the court below should be reversed and judgment rendered for appellant, it is accordingly so ordered.